# COMPOSITE EXHIBIT A

Filed
D.C. Superior Court
05/03/2022 18:26PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| **NIKOLA SOBOT** | ) | |
| **2500 Wisconsin Avenue** | ) | |
| **Washington, D.C. 20007** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No.** |
| | ) | |
| v. | ) | **Jury Trial Demand** |
| | ) | |
| **CLEAN THE WORLD FOUNDATION, INC.** | ) | |
| **1544 E Landstreet Road, Suite 600** | ) | |
| **Orlando, FL 32824** | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff Nikola Sobot (hereinafter "Plaintiff" or "Mr. Sobot"), by and through his attorney, hereby files this Complaint against Defendant Clean the World Foundation, Inc. (hereinafter "Defendant" or "Clean the World") and for his Complaint states as follows.

1.      Plaintiff seeks relief pursuant to statutory claims under the District of Columbia Wages Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*, the District of Columbia Wages Theft Prevention Act claim ("DCWTPA"), 61 D.C. Reg. 10157 (Oct. 3, 2014), the District of Columbia Accrued Sick and Safe Leave Act of 2008, D.C. Code §§ 32-131.01 *et seq.*, and common law claims of breach of contract, unjust enrichment and conversion, including but not limited to declaratory, injunctive, and other equitable relief, liquidated, compensatory and punitive damages, litigation expenses, and reasonable attorney's fees, based on Defendant's violation of Plaintiff's rights.

# COMPOSITE EXHIBIT A

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this Complaint pursuant to D.C. Code § 11-921.

3.      The venue is proper in this Court in that the events and omissions giving rise to Plaintiff's claims occurred here in the District of Columbia.

## PARTIES

4.      Plaintiff Sobot is a former Director of Development for Clean the World Foundation. Plaintiff worked on-site at Defendant's office in Washington, D.C.  Plaintiff is a resident of the District of Columbia.

5.      Defendant Clean the World is an independent nonprofit organization headquartered in Orlando, Florida.

## FACTS

6.      On June 28, 2019, Nikola Sobot received an employment offer from Clean the World. He has more than twenty (20) years of experience in fundraising and securing grants for non-profit and not for profit organizations. He is a consummate professional and has a proven history of being successful in fundraising for organizations. Mr. Sobot initially reported to the Executive Director, Sam Stephens.

7.      Mr. Sobot's offer of employment contained the terms of his compensation and stated that Mr. Sobot would receive an annual salary of $110,000; a salary increase to $120,000 upon achieving $100,000 in personal fundraising; a salary increase to $125,000 upon achieving $150,000 in personal fundraising; participation in the company's Paid Time Off ("PTO") plan following a full month of full-time service for twenty-one (21) days, additional PTO for the week between Christmas Day and New Year's Day, and seven company paid holidays equivalent to eight (8) PTO days.

2

# COMPOSITE EXHIBIT A

8.      Mr. Sobot accepted the employment offer and began working on August 1, 2019.  He quickly proved himself to be a high performing fundraiser and became the main fundraiser for Clean the World Foundation, signing on clients to raise funds.

9.      Despite his performance and the compensation terms in his offer of employment, in October 2019, Clean the World reduced Mr. Sobot's salary, effective November 1, 2019 and gave notice of the reduction via email a month and a half later on December 14, 2019. When Mr. Sobot inquired why his salary had been reduced, he was informed that Clean the World could do so because he was an "at-will" employee.

10.     On January 01, 2020, Clean the World reduced Mr. Sobot's salary again without notice and gave notice of the reduction in salary via email on January 17, 2020.

11.     On April 1, 2020, Clean the World further reduced Mr. Sobot's salary without notice and later claimed it was due to a "change in the work environment" when Mr. Sobot sought reasoning.

12.     On November 1, 2020, Clean the World reinstated a portion of Mr. Sobot's salary, and finally there was a full reinstatement of the salary in his initial offer on July 1, 2021.

13.     Mr. Sobot requested his back pay from Clean the World for the reduced salary he received from November 1, 2019 until April 1, 2021 on several occasions; however, Clean the World never replied. Mr. Sobot has calculated the amount of wages that he earned and should have been paid to be the net amount of $19,400. The last time Mr. Sobot requested information regarding his back pay was just before December 25, 2021 and on January 7, 2022.

14.     In addition, Mr. Sobot never received the salary increases he was entitled to under his employment contract. The offer letter stated that if Mr. Sobot raised more than a threshold amount, Mr. Sobot was entitled to annual salary increases. Despite Mr. Sobot reaching the threshold of over

# COMPOSITE EXHIBIT A

$100,000 and requesting his increase on numerous occasions, Clean the World only increased Mr. Sobot's salary to $116,000 in October 2021.

15.     As noted, Mr. Sobot's supervisor initially was Executive Director Sam Stephens. On November 15, 2021, a new Executive Director Manohar Shenoy joined Clean the World.  Almost immediately after he joined Clean the World, Mr. Shanoy began to mistreat and harass Mr. Sobot. It was a common practice at Clean the World for fundraisers to announce when significant funds were raised by the fundraisers. Due to his hard work, Mr. Sobot was able to secure a one-million-dollar grant from the CDC in late 2021. Mr. Sobot announced the award of this grant to Clean the World employees. The announcement enraged Mr. Shenoy and Mr. Seipler, who responded by telling Mr. Sobot that he could not communicate to anyone without prior approval and forbade him from communicating with his colleagues and internal and external stakeholders directly without prior approval. This was extremely unreasonable as Mr. Sobot was working as the sole fundraiser for Clean the World Foundation and he needed to communicate with major clients.

16.     On September 29, 2021, Mr. Sobot requested and was approved for paid time off from November 29, 2021 until January 3, 2022. While he was on paid leave, apart from dealing with closing the CDC Foundation grant, Clean the World heavily disturbed Mr. Sobot and required that he complete several tasks and assignments between November 29, 2021 until December 16, 2021. Thus, he was required to work while he was on paid time off.

17.     After returning from PTO on January 4, 2022, Mr. Sobot became ill on January 7, 2022.  Mr. Sobot contacted Clean the World via email on January 7, 2022 to report that he would not be able to attend a proposed meeting that morning. Because his illness persisted, Mr. Sobot communicated to Clean the World that he would not be able to attend the following meeting on January 10, 2022.  Mr. Sobot was able to request and receive approval for sick leave for those dates.

# COMPOSITE EXHIBIT A

However, within two hours of receiving the approval for sick leave, Mr. Sobot received notice that he was terminated from Clean the World and a Non-Disparagement Agreement, Release, and Resignation ("the Agreement"). Clean the World threatened Mr. Sobot with immediate termination if he did not sign the Agreement. The Agreement offered to pay Mr. Sobot through February 15, 2022 and eighty (80) hours of PTO. Mr. Sobot already has accrued approximately forty hours of PTO which he has not used and had thousands of dollars of wages which had not been paid, and therefore he declined the offer. Despite a demand for all wages which are due, Defendant refused and/or failed to pay Mr. Sobot unpaid wages or compensate him for requiring him to work when he was on paid leave from November 29, 2021 through December 16, 2021.

<u>COUNT I</u>
**Violation of the DC Wage Payment Collection Law, D.C. Code § 32-1301 *et seq.*, and
DC Wage Theft Prevention Act, 61 D.C. Reg. 10157 (Oct. 3, 2014)**

18.     Plaintiff incorporates by reference the above paragraphs as if fully stated herein.

19.     At all pertinent times, Defendant is an "employer" within the definition of D.C. Code § 32-1301(1B).

20.     At all pertinent times, Plaintiff is an "employee" within the definition of D.C. Code § 32-1301(2).

21.     The DC Wage Payment Law requires payment of wages at least once per calendar month. Under D.C. Code § 32-1301(2), wages mean all monetary compensation after lawful deductions, owed by an employer, whether the amount owed is determined on a time, task, piece, commission, or other bases of calculation. Promised remuneration includes fringe benefits paid in cash, and accrued leave constitute wages pursuant to D.C. Code § 32-1301(3). The statute expressly states that when an employer fails to meet payment deadlines, the employer is liable "as liquidated damages, 10 per centum of the unpaid wages for each working day during which such failure shall

# COMPOSITE EXHIBIT A

continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller."  D.C. Code § 32-1304(4).

22.     Defendant reduced Plaintiff's wages without notice and thereby failed to pay him approximately $25,000 in wages, and later required him to work from November 29, 2021 until December 16, 2021 while he was on paid leave and thereby failed to pay him approximately 7500 in wages.  Defendant in violation of the DCWPCL and DCWTPA, knowingly and intentionally withheld and refused to pay Plaintiff's $32,000.00 in wages earned by him and Defendant is now liable to Plaintiff for liquidated damages.

23.     Plaintiff properly and lawfully accrued approximately forty hours of unused vacation leave during his employment with Defendant and Defendant's failure to pay Plaintiff unused vacation hours he accrued is a violation of the District of Columbia Wage Payment and Wage Collection Law and the District of Columbia Wage Theft Prevention Amendment Act of 2014.

24.     Defendant had no legitimate business reason for withholding and failing to pay Plaintiff's wages.

### COUNT II
### Violation of the District of Columbia Accrued Sick and Safe Leave Act
### D.C. Code § 32-131.01 *et seq.*

25.     Plaintiff incorporates by reference all paragraphs above as if fully stated herein.

26.     At all pertinent times, Defendant was an employer subject to provisions of the D.C. Accrued Sick and Safe Leave Act, as amended, D.C. Code Ann. § 32-131.01 *et seq.*

27.     At all pertinent times, Plaintiff was an employee entitled to protection under the D.C. Accrued Sick and Safe Leave Act, as amended, D.C. Code Ann. § 32-131.01 *et seq.*

28.     The D.C. Accrued Sick and Safe Leave Act, as amended, D.C. Code Ann. § 32-131.01 *et seq.* ("ASSLA") requires employers to permit employees to take leave for medical

6

# COMPOSITE EXHIBIT A

appointments and prohibits employers from interfering with, restraining or otherwise denying the exercise or attempt to exercise any right under the Act.

29.     ASSLA protects an employee from retaliation for exercising any right provided by the ASSLA. The Act further provides that an action may be maintained against an employer in court for a violation of the Act and the employee may recover backpay, and obtain reinstatement, compensatory and punitive damages and attorney's fees and costs.

30.     Plaintiff accrued sick leave while employed by the Defendant and requested sick leave on January 7 and 10, 2022, and within two hours of requesting sick leave on January 10, 2022, Plaintiff was given notice of termination from employment.  Defendant attempted to force Plaintiff to quit and presented him with the Non-Disparagement Agreement, Release, and Resignation (the "Agreement"). Defendant threatened Plaintiff with termination if he did not sign the Agreement. The Agreement offered to pay Plaintiff through February 15, 2022 and eighty (80) hours of PTO. Plaintiff declined to sign the agreement because he was due thousands of dollars in wages and had already accrued forty (40) hours of PTO which he has not used. Defendant interfered with his use of ASSLA leave and retaliated against him for taking leave.

31.     As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered loss of wages, emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to his employment and personal reputation.

### COUNT III
### Violation of District of Columbia Common Law
### Breach of Contract

32.     Plaintiff incorporates by reference the above paragraphs as if fully stated herein.

33.     Defendant entered into an employment agreement with Plaintiff in 2019, which delineated Plaintiff's annual salary to be increased upon securing a threshold amount in fundraising

# COMPOSITE EXHIBIT A

and stated that Defendant would pay Plaintiff for all accrued hours of PTO.

34.     Defendant knowingly and intentionally breached the material terms of Plaintiff's contract by refusing to pay Plaintiff all wages due under the contract, including approximately $25,000 in wages which were unpaid and approximately $7500 for wages when he was forced to work while on paid leave, and 40 hours unused vacation leave.

35.     As a result of Defendant's actions, Plaintiff suffered and continues to suffer, among other things, lost earnings, and benefits in the amount of $32,000 and 40 hours of unused vacation leave and loss of enjoyment of life.

## COUNT IV
### Violation of District of Columbia Common Law
### Unjust Enrichment and Conversion

36.     Plaintiff incorporates by reference the above paragraphs as if fully stated herein.

37.     Defendant unjustly enriched itself at the expense of Plaintiff by retaining $32,000.00 due to Plaintiff from his employment compensation agreement that Plaintiff earned by his fundraising and 40 hours of unused vacation leave. Defendant committed an unlawful exercise of ownership, dominion, and control over the property of Plaintiff and has denied Plaintiff the right to his property, and thereby committed an act of conversion.

38.     As a result of Defendant's actions, Defendant has unjustly enriched itself and Plaintiff has suffered and continues to suffer denial of his property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sobot prays as follows:

A.      That the Court issue an Order declaring Defendant's actions to be a violation of the DCWPCL, DCWTPA, and ASSLA; that Defendant breached Plaintiff's contract and was unjustly enriched and committed the tort of conversion; and declaring and declaring Plaintiff eligible to

# COMPOSITE EXHIBIT A

receive equitable and other relief;

      B.      Enter judgment against Defendant;

      C.      Issue a permanent injunction prohibiting Defendant from violating state and federal laws to pay wages to employees in the future;

      D.      Enter judgment in favor of Plaintiff against Defendant, jointly and severally, for all monetary damages available under the law, including but not limited to damages, in amounts to be determined at trial;

      E.      Order Defendant to refrain from any retaliation against Plaintiff or any other person, for participating in or supporting this case in any manner;

      F.      Order Defendant to pay compensatory and punitive damages in amounts to be determined at trial;

      G.      Order Defendant to pay $32,000.00 in lost wages due to Plaintiff's accrued 40 hours of unused vacation leave and treble damages and attorneys fees incurred in this matter to date;

      H.      Order Defendant to pay Plaintiff's reasonable attorneys' fees, expert fees, and costs;

      I.      Order Defendant to pay pre-judgment and post-judgment interest as provided by law; and

      J.      Grant any other relief the Court deem appropriate under the law.

## JURY DEMAND

   Plaintiff demands a jury trial on all claims against Defendant.

# COMPOSITE EXHIBIT A

Date: May 3, 2022

Respectfully submitted,

_____/s/ David A. Branch_____
David A. Branch
Bar No. 438764
The Law Office of David A. Branch &
Associates, PLLC
1828 L Street, NW, Suite 820
Washington, D.C. 20036
Phone: (202) 785-2805
Fax: (202) 785-0289
Email: davidbranch@dbranchlaw.com

10

# COMPOSITE EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

NIKOLA SOBOT
_____
                                                    Plaintiff

vs.                                                                    Case Number _____

CLEAN THE WORLD FOUNDATION, INC.
_____
                                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____               _Clerk of the Court_
Name of Plaintiff's Attorney

Law Office of David Branch & Associates, PLLC          By _____
_____
Address                                                                              Deputy Clerk
1828 L Street, NW, Suite 820, Washington, D.C. 20036

(202) 785-2805                                                             Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.          የአማርኛ ትርጉም ለማግኘት (202) 879-4828  ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                              Super. Ct. Civ. R. 4

# COMPOSITE EXHIBIT A





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                    Demandante

            contra

                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                            Por: _____
_____                    Subsecretario
Dirección

_____          Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주세요.   ፣ አማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso del original en inglés
See reverse side for English original

# COMPOSITE EXHIBIT A

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

| NIKOLA SOBOT | Case Number: _____ |
|---|---|
| vs | Date: __May 3, 2022__ |
| __CLEAN THE WORLD FOUNDATION, INC.__ | ☐ One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)*<br>David A. Branch | Relationship to Lawsuit |
|---|---|
| Firm Name:<br>The Law Office of David A. Branch & Associates, PLLC | ☒ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>(202) 785-2805              438764 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:   ☐ Non-Jury        ☐ 6 Person Jury        ☒ 12 Person Jury

Demand: $_____        Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

**A. CONTRACTS**                      **COLLECTION CASES**

| | | |
|---|---|---|
| ☒ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |     Over $25,000 Pltf. Grants Consent |     Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |     Under $25,000 Pltf. Grants Consent |     Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| |     Award (Collection Cases Only) | |

---

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

---

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander |     Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud |     Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# COMPOSITE EXHIBIT A

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  - (DC Code § 11-941)
- ☐ 10  Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  - (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  - Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  - Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  - Judgment [ D.C. Code §
  - 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  - 42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  - [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  - (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

May 3, 2022
_____
Date

CV-496/ June 2015

# COMPOSITE EXHIBIT A

Filed
D.C. Superior Court
05/05/2022 18:05PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| **NIKOLA SOBOT** | ) | |
| **2500 Wisconsin Avenue** | ) | |
| **Washington, D.C. 20007** | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No.  2022 CA 001944 B |
| | ) | |
| v. | ) | **Jury Trial Demand** |
| | ) | |
| **CLEAN THE WORLD FOUNDATION, INC.** | ) | |
| **1544 E Landstreet Road, Suite 600** | ) | |
| **Orlando, FL 32824** | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff Nikola Sobot (hereinafter "Plaintiff" or "Mr. Sobot"), by and through his attorney, hereby files this Complaint against Defendant Clean the World Foundation, Inc. (hereinafter "Defendant" or "Clean the World") and for his Complaint states as follows.

1.    Plaintiff seeks relief pursuant to statutory claims under the District of Columbia Wages Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*, the District of Columbia Wages Theft Prevention Act claim ("DCWTPA"), 61 D.C. Reg. 10157 (Oct. 3, 2014), the District of Columbia Accrued Sick and Safe Leave Act of 2008, D.C. Code §§ 32-131.01 *et seq.*, and common law claims of breach of contract, unjust enrichment and conversion, including but not limited to declaratory, injunctive, and other equitable relief, liquidated, compensatory and punitive damages, litigation expenses, and reasonable attorney's fees, based on Defendant's violation of Plaintiff's rights.

# COMPOSITE EXHIBIT A

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to D.C. Code § 11-921.

3. The venue is proper in this Court in that the events and omissions giving rise to Plaintiff's claims occurred here in the District of Columbia.

## PARTIES

4. Plaintiff Sobot is a former Director of Development for Clean the World Foundation. Plaintiff worked on-site at Defendant's office in Washington, D.C. Plaintiff is a resident of the District of Columbia.

5. Defendant Clean the World is an independent nonprofit organization headquartered in Orlando, Florida.

## FACTS

6. On June 28, 2019, Nikola Sobot received an employment offer from Clean the World. He has more than twenty (20) years of experience in fundraising and securing grants for non-profit and not for profit organizations. He is a consummate professional and has a proven history of being successful in fundraising for organizations. Mr. Sobot initially reported to the Executive Director, Sam Stephens.

7. Mr. Sobot's offer of employment contained the terms of his compensation and stated that Mr. Sobot would receive an annual salary of $110,000; a salary increase to $120,000 upon achieving $100,000 in personal fundraising; a salary increase to $125,000 upon achieving $150,000 in personal fundraising; participation in the company's Paid Time Off ("PTO") plan following a full month of full-time service for twenty-one (21) days, additional PTO for the week between Christmas Day and New Year's Day, and seven company paid holidays equivalent to eight (8) PTO days.

2

# COMPOSITE EXHIBIT A

8.      Mr. Sobot accepted the employment offer and began working on August 1, 2019.  He quickly proved himself to be a high performing fundraiser and became the main fundraiser for Clean the World Foundation, signing on clients to raise funds.

9.      Despite his performance and the compensation terms in his offer of employment, in October 2019, Clean the World reduced Mr. Sobot's salary, effective November 1, 2019 and gave notice of the reduction via email a month and a half later on December 14, 2019. When Mr. Sobot inquired why his salary had been reduced, he was informed that Clean the World could do so because he was an "at-will" employee.

10.     On January 01, 2020, Clean the World reduced Mr. Sobot's salary again without notice and gave notice of the reduction in salary via email on January 17, 2020.

11.     On April 1, 2020, Clean the World further reduced Mr. Sobot's salary without notice and later claimed it was due to a "change in the work environment" when Mr. Sobot sought reasoning.

12.     On November 1, 2020, Clean the World reinstated a portion of Mr. Sobot's salary, and finally there was a full reinstatement of the salary in his initial offer on July 1, 2021.

13.     Mr. Sobot requested his back pay from Clean the World for the reduced salary he received from November 1, 2019 until April 1, 2021 on several occasions; however, Clean the World never replied. Mr. Sobot has calculated the amount of wages that he earned and should have been paid to be the net amount of $19,400. The last time Mr. Sobot requested information regarding his back pay was just before December 25, 2021 and on January 7, 2022.

14.     In addition, Mr. Sobot never received the salary increases he was entitled to under his employment contract. The offer letter stated that if Mr. Sobot raised more than a threshold amount, Mr. Sobot was entitled to annual salary increases. Despite Mr. Sobot reaching the threshold of over

# COMPOSITE EXHIBIT A

$100,000 and requesting his increase on numerous occasions, Clean the World only increased Mr. Sobot's salary to $116,000 in October 2021.

15.     As noted, Mr. Sobot's supervisor initially was Executive Director Sam Stephens. On November 15, 2021, a new Executive Director Manohar Shenoy joined Clean the World.  Almost immediately after he joined Clean the World, Mr. Shanoy began to mistreat and harass Mr. Sobot. It was a common practice at Clean the World for fundraisers to announce when significant funds were raised by the fundraisers. Due to his hard work, Mr. Sobot was able to secure a one-million-dollar grant from the CDC in late 2021. Mr. Sobot announced the award of this grant to Clean the World employees. The announcement enraged Mr. Shenoy and Mr. Seipler, who responded by telling Mr. Sobot that he could not communicate to anyone without prior approval and forbade him from communicating with his colleagues and internal and external stakeholders directly without prior approval. This was extremely unreasonable as Mr. Sobot was working as the sole fundraiser for Clean the World Foundation and he needed to communicate with major clients.

16.     On September 29, 2021, Mr. Sobot requested and was approved for paid time off from November 29, 2021 until January 3, 2022. While he was on paid leave, apart from dealing with closing the CDC Foundation grant, Clean the World heavily disturbed Mr. Sobot and required that he complete several tasks and assignments between November 29, 2021 until December 16, 2021. Thus, he was required to work while he was on paid time off.

17.     After returning from PTO on January 4, 2022, Mr. Sobot became ill on January 7, 2022.  Mr. Sobot contacted Clean the World via email on January 7, 2022 to report that he would not be able to attend a proposed meeting that morning. Because his illness persisted, Mr. Sobot communicated to Clean the World that he would not be able to attend the following meeting on January 10, 2022.  Mr. Sobot was able to request and receive approval for sick leave for those dates.

# COMPOSITE EXHIBIT A

However, within two hours of receiving the approval for sick leave, Mr. Sobot received notice that he was terminated from Clean the World and a Non-Disparagement Agreement, Release, and Resignation ("the Agreement"). Clean the World threatened Mr. Sobot with immediate termination if he did not sign the Agreement.  The Agreement offered to pay Mr. Sobot through February 15, 2022 and eighty (80) hours of PTO. Mr. Sobot already has accrued approximately forty hours of PTO which he has not used and had thousands of dollars of wages which had not been paid, and therefore he declined the offer.  Despite a demand for all wages which are due, Defendant refused and/or failed to pay Mr. Sobot unpaid wages or compensate him for requiring him to work when he was on paid leave from November 29, 2021 through December 16, 2021.

**<u>COUNT I</u>**
**Violation of the DC Wage Payment Collection Law, D.C. Code § 32-1301 *et seq.*, and**
**DC Wage Theft Prevention Act, 61 D.C. Reg. 10157 (Oct. 3, 2014)**

18.     Plaintiff incorporates by reference the above paragraphs as if fully stated herein.

19.     At all pertinent times, Defendant is an "employer" within the definition of D.C. Code § 32-1301(1B).

20.     At all pertinent times, Plaintiff is an "employee" within the definition of D.C. Code § 32-1301(2).

21.     The DC Wage Payment Law requires payment of wages at least once per calendar month. Under D.C. Code § 32-1301(2), wages mean all monetary compensation after lawful deductions, owed by an employer, whether the amount owed is determined on a time, task, piece, commission, or other bases of calculation. Promised remuneration includes fringe benefits paid in cash, and accrued leave constitute wages pursuant to D.C. Code § 32-1301(3). The statute expressly states that when an employer fails to meet payment deadlines, the employer is liable "as liquidated damages, 10 per centum of the unpaid wages for each working day during which such failure shall

5

# COMPOSITE EXHIBIT A

continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller."  D.C. Code § 32-1304(4).

22.     Defendant reduced Plaintiff's wages without notice and thereby failed to pay him approximately $25,000 in wages, and later required him to work from November 29, 2021 until December 16, 2021 while he was on paid leave and thereby failed to pay him approximately 7500 in wages.  Defendant in violation of the DCWPCL and DCWTPA, knowingly and intentionally withheld and refused to pay Plaintiff's $32,000.00 in wages earned by him and Defendant is now liable to Plaintiff for liquidated damages.

23.     Plaintiff properly and lawfully accrued approximately forty hours of unused vacation leave during his employment with Defendant and Defendant's failure to pay Plaintiff unused vacation hours he accrued is a violation of the District of Columbia Wage Payment and Wage Collection Law and the District of Columbia Wage Theft Prevention Amendment Act of 2014.

24.     Defendant had no legitimate business reason for withholding and failing to pay Plaintiff's wages.

## COUNT II
### Violation of the District of Columbia Accrued Sick and Safe Leave Act
### D.C. Code § 32-131.01 *et seq.*

25.     Plaintiff incorporates by reference all paragraphs above as if fully stated herein.

26.     At all pertinent times, Defendant was an employer subject to provisions of the D.C. Accrued Sick and Safe Leave Act, as amended, D.C. Code Ann. § 32-131.01 *et seq.*

27.     At all pertinent times, Plaintiff was an employee entitled to protection under the D.C. Accrued Sick and Safe Leave Act, as amended, D.C. Code Ann. § 32-131.01 *et seq.*

28.     The D.C. Accrued Sick and Safe Leave Act, as amended, D.C. Code Ann. § 32-131.01 *et seq.* ("ASSLA") requires employers to permit employees to take leave for medical

6

# COMPOSITE EXHIBIT A

appointments and prohibits employers from interfering with, restraining or otherwise denying the exercise or attempt to exercise any right under the Act.

29.     ASSLA protects an employee from retaliation for exercising any right provided by the ASSLA. The Act further provides that an action may be maintained against an employer in court for a violation of the Act and the employee may recover backpay, and obtain reinstatement, compensatory and punitive damages and attorney's fees and costs.

30.     Plaintiff accrued sick leave while employed by the Defendant and requested sick leave on January 7 and 10, 2022, and within two hours of requesting sick leave on January 10, 2022, Plaintiff was given notice of termination from employment.  Defendant attempted to force Plaintiff to quit and presented him with the Non-Disparagement Agreement, Release, and Resignation (the "Agreement"). Defendant threatened Plaintiff with termination if he did not sign the Agreement. The Agreement offered to pay Plaintiff through February 15, 2022 and eighty (80) hours of PTO. Plaintiff declined to sign the agreement because he was due thousands of dollars in wages and had already accrued forty (40) hours of PTO which he has not used. Defendant interfered with his use of ASSLA leave and retaliated against him for taking leave.

31.     As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered loss of wages, emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to his employment and personal reputation.

<u>**COUNT III**</u>
**Violation of District of Columbia Common Law**
**Breach of Contract**

32.     Plaintiff incorporates by reference the above paragraphs as if fully stated herein.

33.     Defendant entered into an employment agreement with Plaintiff in 2019, which delineated Plaintiff's annual salary to be increased upon securing a threshold amount in fundraising

# COMPOSITE EXHIBIT A

and stated that Defendant would pay Plaintiff for all accrued hours of PTO.

34.     Defendant knowingly and intentionally breached the material terms of Plaintiff's contract by refusing to pay Plaintiff all wages due under the contract, including approximately $25,000 in wages which were unpaid and approximately $7500 for wages when he was forced to work while on paid leave, and 40 hours unused vacation leave.

35.     As a result of Defendant's actions, Plaintiff suffered and continues to suffer, among other things, lost earnings, and benefits in the amount of $32,000 and 40 hours of unused vacation leave and loss of enjoyment of life.

**COUNT IV**
**Violation of District of Columbia Common Law**
**Unjust Enrichment and Conversion**

36.     Plaintiff incorporates by reference the above paragraphs as if fully stated herein.

37.     Defendant unjustly enriched itself at the expense of Plaintiff by retaining $32,000.00 due to Plaintiff from his employment compensation agreement that Plaintiff earned by his fundraising and 40 hours of unused vacation leave. Defendant committed an unlawful exercise of ownership, dominion, and control over the property of Plaintiff and has denied Plaintiff the right to his property, and thereby committed an act of conversion.

38.     As a result of Defendant's actions, Defendant has unjustly enriched itself and Plaintiff has suffered and continues to suffer denial of his property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sobot prays as follows:

A.     That the Court issue an Order declaring Defendant's actions to be a violation of the DCWPCL, DCWTPA, and ASSLA; that Defendant breached Plaintiff's contract and was unjustly enriched and committed the tort of conversion; and declaring and declaring Plaintiff eligible to

# COMPOSITE EXHIBIT A

receive equitable and other relief;

B.      Enter judgment against Defendant;

C.      Issue a permanent injunction prohibiting Defendant from violating state and federal laws to pay wages to employees in the future;

D.      Enter judgment in favor of Plaintiff against Defendant, jointly and severally, for all monetary damages available under the law, including but not limited to damages, in amounts to be determined at trial;

E.      Order Defendant to refrain from any retaliation against Plaintiff or any other person, for participating in or supporting this case in any manner;

F.      Order Defendant to pay compensatory and punitive damages in amounts to be determined at trial;

G.      Order Defendant to pay $32,000.00 in lost wages due to Plaintiff's accrued 40 hours of unused vacation leave and treble damages and attorneys fees incurred in this matter to date;

H.      Order Defendant to pay Plaintiff's reasonable attorneys' fees, expert fees, and costs;

I.      Order Defendant to pay pre-judgment and post-judgment interest as provided by law; and

J.      Grant any other relief the Court deem appropriate under the law.

## JURY DEMAND

Plaintiff demands a jury trial on all claims against Defendant.

9

# COMPOSITE EXHIBIT A

Date: May 3, 2022

Respectfully submitted,

_____/s/ David A. Branch_____

David A. Branch
Bar No. 438764
The Law Office of David A. Branch &
Associates, PLLC
1828 L Street, NW, Suite 820
Washington, D.C. 20036
Phone: (202) 785-2805
Fax: (202) 785-0289
Email: davidbranch@dbranchlaw.com

# COMPOSITE EXHIBIT A



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

NIKOLA SOBOT
_____
                                        Plaintiff

vs.

CLEAN THE WORLD FOUNDATION, INC.                    Case Number   2022 CA 001944 B
_____
                                        Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____
Name of Plaintiff's Attorney                        Clerk of the Court

Law Office of David Branch & Associates, PLLC
_____   By _____
Address                                             Deputy Clerk

1828 L Street, NW, Suite 820, Washington, D.C. 20036
_____
(202) 785−2805                                      Date _____05/05/2022_____
_____
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# COMPOSITE EXHIBIT A





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                        Demandante

contra

                                                    Número de Caso: _____

_____
                                        Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se le haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

                                        Por: _____
_____
Dirección                                                    Subsecretario

_____

                                        Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역원하시면(202) 879-4828로 전화주십시오        ኣማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso del original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4

## COMPOSITE EXHIBIT A

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

NIKOLA SOBOT

Case Number: __2022 CA 001944 B__

vs

Date: __May 3, 2022__

CLEAN THE WORLD FOUNDATION, INC.

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>David A. Branch<br>Firm Name:<br>The Law Office of David A. Branch & Associates, PLLC<br>Telephone No.:     Six digit Unified Bar No.:<br>(202) 785-2805           438764 | Relationship to Lawsuit<br>☒ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury      ☐ 6 Person Jury      ☒ 12 Person Jury

Demand: $_____      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____      Judge: _____      Calendar #:_____

Case No.:_____      Judge: _____      Calendar#:_____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☒ 01 Breach of Contract         ☐ 14 Under $25,000 Pltf. Grants Consent     ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty         ☐ 17 OVER $25,000 Pltf. Grants Consent      ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 27 Insurance/Subrogation                  ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                 Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination  ☐ 07 Insurance/Subrogation                  ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees            Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                ☐ 28 Motion to Confirm Arbitration
                                       Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile                 ☐ 03 Destruction of Private Property     ☐ 05 Trespass
☐ 02 Conversion                 ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process           ☐ 10 Invasion of Privacy         ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection    ☐ 11 Libel and Slander                  Not Malpractice)
☐ 03 Assault and Battery        ☐ 12 Malicious Interference      ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal          ☐ 20 Friendly Suit
☐ 06 False Accusation           ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest               ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                             Not Malpractice)            ☐ 23 Tobacco
                                                                ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

## COMPOSITE EXHIBIT A

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10  Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

May 3, 2022
_____
Date

CV-496/ June 2015

# COMPOSITE EXHIBIT A



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

NIKOLA SOBOT
    Vs.                       C.A. No.      2022 CA 001944 B
CLEAN THE WORLD FOUNDATION, INC.

### INITIAL ORDER AND ADDENDUM

#### Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge ROBERT R RIGSBY
Date:    May 5, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

10:00 am, Friday, August 26, 2022
Location:   Courtroom 320
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CAIO-60

# COMPOSITE EXHIBIT A

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,  "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

# COMPOSITE EXHIBIT A

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

* *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3: (LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE**:** Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video. 

**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

# COMPOSITE EXHIBIT A

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

# COMPOSITE EXHIBIT A

| | | | |
|---|---|---|---|
| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60