**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NIKOLA SOBOT,

     Plaintiff,

                                Civil Action No. 22-cv-01846 (TSC)

v.

CLEAN THE WORLD FOUNDATION,
INC.,

     Defendant.

_____/

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES**

Defendant, Clean the World Foundation Inc. ("CTWF") hereby submits this Reply

Memorandum of Law in Support of its Motion for Partial Summary Judgment Regarding

Damages, Doc. 39 (the "Motion").

**BACKGROUND**

This case is a dispute between CTWF and its former employee Nikola Sobot ("Sobot").

Following cross-motions for summary judgment, the Court issued a Memorandum Opinion

resolving substantially all the claims at issue. Doc. 35. Because matters related to damages based

on the Court's judgment could be resolved on the record, CTWF filed the Motion on October 25,

2024. Doc. 39. Plaintiff filed a Response in Opposition on November 18, 2024.[1] Doc. 42.

**ARGUMENT**

Plaintiff's Response is replete with inflammatory language alleging that this was a case of

"wage theft" where CTWF is wrongfully trying to limit the damages against it. However, the

---

[1] Per the Court's Minute Order dated November 11, Plaintiff's response was to be filed on or before November 15, 2024. Plaintiff separately moved for a second extension of time to file the response. Doc. 41. The Court granted this request *nunc pro tunc* in a Minute Order dated November 20, 2024.

Response fails to provide any citations to case law or factual evidence in the record to substantiate these inflammatory assertions. Plaintiff's unsupported conclusions cannot override the well-established facts and legal authority cited by Defendant in the Motion as grounds for summary judgment.

## I.  **Plaintiff Does Not Identify Disputes of Fact Regarding Wage Claim Damages**

It is well established that a non-movant cannot use conclusory allegations without reference to evidence, creating some metaphysical doubt as to material facts, to avoid summary judgment. *Royall v. Nat'l Ass'n of Letter Carriers*, 507 F. Supp. 2d 93, 101-02 (D.D.C. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) and *Pub. Citizen Health Research Group v. FDA*, 337 U.S. App. D.C. 343, 185 F.3d 898, 908 (D.C. Cir. 1999)).

Plaintiff asserts it is "not absolutely clear" in the record when Plaintiff reached the fundraising goal that should have triggered his salary increase. Thus, Plaintiff asserts that additional testimony is needed on this claim. Plaintiff fails to offer any indication of the substance of such testimony or explain how it would create a genuine dispute of material fact regarding Plaintiff's fundraising timeline. Indeed, this assertion is belied by the fact that both parties have relied on documentation establishing this timeline in prior summary judgment proceedings. *See* Doc 22-8 at 40, Doc. 26-1, at 2-3.

Further, Plaintiff incorrectly asserts as a bare conclusion that it is not clear how long Plaintiff was underpaid. Again, this fails to show that there is an identifiable dispute of fact regarding the timeline of CTWF's payment of wages to Plaintiff. Plaintiff was paid on a fixed periodic basis, and the dates on which his salary was adjusted are all well-established by the record. Simple arithmetic based on this undisputed data allows for an accurate calculation of the underpayment as set forth in the Motion. Doc. 39-1 at 3-5. Plaintiff does not point to any flaw in

either the underlying data, math, or the analysis thereof that would result in a conclusion different than the one CTWF laid out in its Motion.

Plaintiff's vague and conclusory assertion that additional, unspecified testimony is necessary fails to establish any genuine dispute of material fact. Therefore, CTWF's Motion should be granted.

**II.      Plaintiff Does Not Address Duplicative Damages on Count III**

Plaintiff does not provide any argument in response to CTWF's position that Plaintiff cannot recover damages on Count III, as these are duplicative of Count I. Doc. 39-1 at 6-7. Because Plaintiff has not responded to these arguments, the Court may treat them as conceded. *Klugel v. Small*, 519 F. Supp. 2d 66, 72 (D.D.C. 2007) ("It is well established in the D.C. Circuit that when a party does not address arguments raised by a movant, the court may treat those arguments as conceded.").

**III.     Plaintiff Does Not Identify Disputes of Fact Regarding Punitive Damages**

As an initial matter, Plaintiff offers no response to the argument that punitive damages are not available under the DCWPCL. Doc. 39-1 at 7-8. Accordingly, the Court may treat this point as conceded, which makes the remainder of Plaintiff's arguments concerning punitive damages moot. *Klugel*, 519 F. Supp. 2d, at 72.

Even assuming punitive damages are recoverable at all, Plaintiff fails to point to any facts supporting an award of punitive damages. Plaintiff generally, and incorrectly, asserts that "[t]here is evidence that Defendant's actions were done with malice, ill will, recklessness and oppressiveness." Doc. 42 at 2. This general contention does not point to any actual evidentiary support in any form, and thus fails to create a dispute of material fact. See *Royall*, 507 F. Supp. 2d,

at 101-02.[2]

Though unsupported by actual citations to the record, Plaintiff appears to point to two grounds as facts supporting the malice necessary to award punitive damages: (i) CTWF's reductions in Plaintiff's salary and (ii) CTWF's defense against Plaintiff's claims in this lawsuit.

As to the first point, this Court has already decided on the evidence of record that Plaintiff consented to most of the salary reductions — which were motivated by CTWF's financial difficulties during the COVID-19 pandemic. Plaintiff makes the unreasonable presumption that an organization imposing across-the-board pay cuts in the face of a global crisis acted with malice meriting punitive damages. Plaintiff offers no facts at all that would suggest a jury could find otherwise.

Nor does Plaintiff address the fact that once full salaries were restored post-pandemic, CTWF proceeded to give Plaintiff a $6,000 raise. Doc. 22-8 at 40-41; Doc. 26-8 at 6. If, as Plaintiff demands, the issue of punitive damages went before a jury, the jury would be confronted with mitigating rather than aggravating evidence. Plaintiff simply does not point to any evidence at all, that would permit a reasonable jury to find that CTWF clearly and convincingly acted with the required level of malice. Therefore, he cannot avoid summary judgment on this issue.

As to the second point, a jury cannot award punitive damages to Plaintiff because Defendant has defended itself from Plaintiff's claims in this litigation. CTWG has already prevailed on the majority of the claims against it, so there can be no argument that this case was somehow defended in bad faith. It is not malicious for a defendant in a litigation to defend itself against a battery of claims, particularly when most of these claims were denied on summary judgment.

---

[2] CTWF also reiterates that the state of mind and egregious conduct supporting punitive damages must be shown by clear and convincing evidence, not merely a preponderance. *Howard Univ. v. Wilkins*, 22 A.3d 774, 782 (D.C. 2011).

The mere conclusory assertion that Defendant acted with the requisite state of mind to warrant punitive damages is insufficient to establish a genuine dispute of material fact. Plaintiff has not carried the burden of showing that a dispute of fact exists as to his entitlement to punitive damages. Therefore, as set forth in the Motion, CTWF is entitled to summary judgment that Plaintiff may not recover punitive damages in this case.

### IV.    Attorneys' Fees For Unsuccessful DCWPCL Claims

Plaintiff finally argues that there should be no reduction or limitation in attorneys' fees. Plaintiff bases this primarily on the supposed inseparable nature of the claims in this case and counsel's actions that are general to the litigation as a whole. However, this fails to address the issues raised in the Motion, or address the authority cited on the issue.

The D.C. Code permits recovery for a plaintiff who prevails in showing a violation of the DCWPCL. D.C. Code § 32-1308(a)(1)(A). Plaintiff asserted separate conduct that resulted in his being allegedly denied wages. Plaintiff thus effectively pled multiple, factually distinct violations of the DCWPCL. Though Plaintiff claims these are inseparable, they are separable. This Court separated and distinctly addressed them individually based on the discrete factual theories behind each. Doc. 35. Assuming the truth of the allegations, each of the alleged violations could have stood on its own as an independent DCWPCL claim. Plaintiff's choice to plead them all as a single count and arguing they are inseparable does not defeat the reality that Plaintiff asserted separate factual claims, and that he prevailed on only one of many such claims.

Plaintiff intentionally chose to assert a multitude of meritless claims against Defendant in a disorganized manner, forcing CTWF and this Court to disentangle and interpret them. If the Court were to find these violations are inseparable it would reward future litigants to combine a multitude of factual theories into a single count. This approach would muddle the pleadings,

obscure the true nature of the claims, and unnecessarily increase the "generalized" work Plaintiff referenced in his Response. Treating the claims as inseparable for fee entitlement would undermine judicial economy. It would also undermine the legislative intent of fee-shifting to encourage meritorious claims by incentivizing combining them with baseless claims.

Ultimately, Plaintiff's counsel asks the Court to accept his assertion that his "generalized" work and the resulting fees are inseparable without providing any substantive evidence or justification. Plaintiff provides no legal authority to support this conclusory statement, which is wholly insufficient to preclude summary judgment on this issue. Accordingly, Defendant respectfully requests that the Motion be granted.

## CONCLUSION

Plaintiff fails to cite any evidence in the record demonstrating a genuine dispute of material fact regarding the Motion for Partial Summary Judgment. The Response relies on unsupported arguments and conclusory statements, which are insufficient. Accordingly, for the reasons outlined in the Motion, Defendant respectfully requests that the Court grant its Motion.

Respectfully submitted November 22, 2024.

**Adam C. Losey, Esq.**
D.C. Bar ID. 996409
Primary: alosey@losey.law
Secondary: docketing@losey.law
**Losey PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
Telephone: (407) 906-1605
*Attorney for Defendant, Clean the World Foundation, Inc.*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 22, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the U.S. District Court for the District of Columbia e-Filing Portal, causing a copy to be served on all counsel of record.

**Adam C. Losey, Esq.**
D.C. Bar ID. 996409

7